IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-03297-PAB-KLM

NAPRX, INC., a Nevada corporation,

    Plaintiff/Counterclaim Defendant,

v.

JIM ROGERS, a Colorado resident, and
KIM SMALLEY, a Colorado resident,

    Defendants,

and

AIMS MEDICAL SALES COLLEGE, INC., a Colorado corporation doing business as Medical Sales College,

    Defendant/Counterclaim Plaintiff/Third-Party Plaintiff

v.

NAMSR, INC.,
ERIC REINHARD,
BRIAN S. KENNEDY, and
DOES 1-10,

    Third-Party Defendants.

_____

## MINUTE ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on **Defendants' Motion for Leave to Amend Answer, Counterclaims and Third Party Claims** [#66][1] (the "Motion"). As Defendants note in the Motion, they attempted to amend their counterclaims, but failed to incorporate

---

[1] "[#62]" is an example of the convention I use to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). I use this convention throughout this Minute Order.

1

those counterclaims into an amended version of their Answer.  *Motion* [#66] at 2 n.1.  In addition, the filing by which they attempted to amend their counterclaims did not comply with D.C.COLO.LCivR 15.2 which requires, that "[a] party who files an amended pleading under Fed. R. Civ. P. 15(a)(1) or with the consent of the opposing party shall file a separate notice of filing the amended pleading and shall attach as an exhibit a copy of the amended pleading which strikes through . . . the text to be deleted and underlines . . . the text to be added."  As a result, on April 16, 2015, the Court struck Defendants' prior filing.  *See Minute Order* [#64] at 2.  Notably, Defendants' stricken filing was filed within the 21-day period allowed for amending a pleading as a matter of course pursuant to Fed. R. Civ. P. 15(a)(1)(B).  However, the Motion, filed the following day to correct the errors noted by the Court in its April 16, 2014 Minute Order, was filed after the expiration of the 21-day period.  Therefore, if the Court considers the Motion to be filed after the expiration of the 21-day period, Defendants must proceed under Fed. R. Civ. P. 15(a)(2), which requires either the opposing party's consent or the Court's leave.

In this case, the Court construes the Motion as timely filed because Defendants attempted to amend their counterclaims within the 21-day period allowed by Fed. R. Civ. P. 15(a)(1)(B) and after that filing was stricken, they immediately took steps to correct the errors explained in the Court's Minute Order.  *See W. Capital Partners LLC v. First Am. Title Ins Co.*, No. 14-cv-00454-WJM-KLM, 2014 WL 7251631, at *1 (D. Colo. Dec. 19, 2014) ("However, in this case, the Court construes Plaintiff's request for amendment as timely because Plaintiff timely filed the Motion, although without the proper attachment, and immediately took steps to correct this error.").  Accordingly, because the Motion is deemed filed as of the date of Defendants' stricken filing, Defendants may amend their Answer as a matter of course pursuant to Fed. R. Civ. P. 15(a)(1)(B).  For these reasons,

IT IS HEREBY **ORDERED** that the Motion [#66] is **GRANTED**.[2]

IT IS FURTHER **ORDERED** that, **on or before April 22, 2015**, Defendants shall file their Amended Answer, Counterclaims, and Third Party claims on the docket as a separate document.

Dated:  April 17, 2015

---

[2]  The Court may rule on a pending motion at any time.  D.C.COLO.LCivR 7.1(d).