IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:14-cv-03297-PAB-KLM

NAPRx, Inc., a Nevada Corporation,

        Plaintiff,

v.

AIMS MEDICAL SALES COLLEGE, INC.
d/b/a Medical Sales College, a Colorado
corporation; JIM ROGERS, a Colorado resident,
and KIM SMALLEY, a Colorado resident,

        Defendants.

AND

MEDICAL SALES COLLEGE,

        Counterclaimant and Third Party Plaintiff,

v.

NAPRx, Inc.,

        Counterclaim Defendant,

and

NAMSR, Inc., BRIAN S. KENNEDY, and Does 1-10,

        Third Party Defendants.

**STIPULATED PROTECTIVE ORDER**



EXHIBIT A

The parties agree and the Court so orders:

1. The parties are competitors and have customers and/or prospective customers who may have provided information that they would consider to be confidential. The parties may also consider their respective financial information and their customer lists to be confidential. The parties expect to produce certain documents that contain such confidential and proprietary information ("Confidential Documents") that are not available for dissemination to the general public. The disclosure or release of this information to anyone and particularly to competitors would undermine the parties' competitive position, and could result in immediate and severe financial hardship. Accordingly, the parties have agreed that this Protective Order may be entered by the Court for the purpose of protecting from certain disclosure those Documents. Although certain documents/information may be protected under this Protective Order, after entry of this Protective Order, all documents that were previously provided under Rule 26 shall be provided without any redactions and all future Rule 26 or Rule 34 productions shall be made without any redactions. If a document is designated CONFIDENTIAL, PARTY ACCESS RESTRICTED in accordance with Paragraph 2 then, in addition to producing an unredacted version to opposing counsel, the producing party shall also provide a redacted version that opposing counsel may provide to the client.

2. The parties shall designate the Confidential Documents as confidential by typing, stamping, or otherwise affixing the word "CONFIDENTIAL" on such documents. Typing, stamping, or otherwise affixing the word "CONFIDENTIAL" on the first page of a multi-page document, or the first page of a collection of documents that are bound or attached together in any manner, shall have the effect of designating the entirety of the document as confidential. In

the case of information not readily subject to page marking, a party may clearly designate in writing at the time of disclosure that such materials are "CONFIDENTIAL."

The parties may further designate Confidential Documents as: "PARTY ACCESS RESTRICTED" for those documents where the disclosing Party believes the document contains highly sensitive business information the disclosure of which to the opposing party could cause harm to the disclosing party's business. Any Confidential Document which bears the additional designation "PARTY ACCESS RESTRICTED," will not be shared with any party, such party's non-attorney representative. Notwithstanding the foregoing, a parties' counsel of record, and said counsel's partners, associates, paralegals, secretaries, and other office staff who have direct functional responsibility in representing the parties in this matter will have access to any Confidential Documents that bear the additional designation "PARTY ACCESS RESTRICTED," and those persons may directly contact any person or entity identified in such Confidential Document in the normal course of investigating the action and providing legal representation.

3. Production of documents shall not be construed as an admission that they are relevant or admissible for purposes of trial or ruling on any dispositive motions.

4. Each party and all persons bound by the terms of this Protective Order shall use any properly designated Confidential or Confidential, Party Access Restricted information provided to them pursuant to this Protective Order only for the purpose of prosecution or defense of this action, not for any other purpose or in any other action. Insofar as this Protective Order restricts the communication and use of the documents produced in this case, the parties (and any person who agrees to be bound hereunder) agree that they will abide by such orders after the conclusion of this litigation.

5. Except with prior written consent from the producing party, their counsel of record, or the Court, Confidential Documents, or any information contained in Confidential Documents, may not be disclosed to any person other than the following:

    a. The United States District Court for the District of Colorado and any court having jurisdiction of any appeal of this case, as well as the Court's staff and such employees of

2

the Clerk of the Court as directed by the Clerk or the presiding judge, provided, however, that such documents are marked Confidential pursuant to this Order and filed as a document restricted by court order pursuant to D.C.Colo.L.Civ.R. 7.2. Confidential documents shall not be filed with the Court except when required in connection with matters pending before the Court. This paragraph shall not be interpreted to allow for the public filing of any documents containing confidential information;

    b.  The parties, subject to the restrictions on "PARTY ACCESS RESTRICTED" Confidential Documents, the parties' counsel of record, and said counsel's partners, associates, paralegals, secretaries, and other office staff who have direct functional responsibility in representing the parties in this matter;

    c.  Any mediator or a settlement conference judge assigned or retained to mediate this litigation;

    d.  Consultants and experts retained for the purpose of assisting the parties in preparation and trial of this matter; and

    e.  Actual or potential trial or deposition witnesses in this matter, and the witnesses' counsel, if CONFIDENTIAL information is reasonably necessary and related to their anticipated testimony, provided that they are provided with a copy of this Protective Order and agree to be bound by its terms.

  6.  If a document has been designated Confidential, Party Access Restricted, then, except with prior written consent from the producing party, their counsel of record, or the Court, such documents or any information contained therein, may be disclosed to all persons set forth in Paragraph 5(a)-(e) except the parties or their employees.

7.      Any person (other than the Court or its employees) to whom these documents are to be disclosed shall first be advised by counsel making the disclosure that these documents are subject to this Protective Order, and any such person shall be given a copy of this Protective Order and instructed that they are bound by it. In the event that such person does not agree to be bound by the terms of this Protective Order, such person shall not be given the Confidential Documents.

8.      Each individual who receives any Protected Information agrees to subject himself or herself to the jurisdiction of this Court for the purpose of any proceedings relating to the performance under, compliance with, or violation of this Protective Order.

9.      The parties' counsel may designate as confidential any portion of the transcript of any deposition at which a Confidential Document was marked as an exhibit or discussed. Such designation shall be given orally upon the record during the course of the deposition. When such a designation is made, the entire deposition shall be treated as confidential, pending transcription of the deposition and signing by the deponent. Thereafter, the parties' counsel shall designate on the transcribed deposition the portion or portions, which involve the Confidential Documents and which shall be treated as confidential within 30 days of receiving same. The parties' counsel shall communicate, in writing, the designations to the other party's counsel. If no designations are made within the 30-day timeframe, the testimony and transcript will no longer be considered CONFIDENTIAL. Any party shall retain the right to challenge the designation of any part of a deposition transcript as confidential.

10.     This Protective Order preserves the parties' ability to designate information as CONFIDENTIAL or CONFIDENTIAL, PARTY ACCESS RESTRICTED after a production or

4

disclosure of the information has been made. If timely corrected, a failure to designate information as CONFIDENTIAL or CONFIDENTIAL, PARTY ACCESS RESTRICTED does not, standing alone, waive the producing party's right to secure protection under this Protective Order for such information. In the event of a production or disclosure of such information, the producing or disclosing party shall notify the receiving party of the designation of material as CONFIDENTIAL or CONFIDENTIAL, PARTY ACCESS RESTRICTED, and the receiving party shall thereafter treat such information as designated subject to the Protective Order, without waiving any right to challenge the designation of such material.

11. Neither party will be obligated to challenge the propriety of a confidential or CONFIDENTIAL, PARTY ACCESS RESTRICTED designation at the time made, and a failure to do so will not preclude a subsequent challenge thereto. A failure of either party to challenge a party's designation of a document or information as CONFIDENTIAL or CONFIDENTIAL, PARTY ACCESS RESTRICTED will not prejudice any party or person and will not constitute an agreement or admission that the designation is valid by reason of such failure to object. In the event, at any stage of the proceedings, any party to this action disagrees with the designation of any information as CONFIDENTIAL or CONFIDENTIAL, PARTY ACCESS RESTRICTED, the parties shall first try to resolve such dispute in good faith on an informal basis. If the dispute cannot be resolved informally, the party challenging the confidentiality designation may apply for appropriate relief consistent with Magistrate Judge Mix's ~~practice standards~~ *discovery procedures* within 14 days [KLM] of the other party's final confirmation in writing that an informal resolution is not possible. The party seeking confidentiality of the information shall have the burden of establishing that the information is entitled to confidential treatment. In any dispute about a confidentiality

5

designation, the Court may award the substantially prevailing party its reasonable costs and attorney's fees incurred in connection with the dispute.

12. Notwithstanding any other provisions of this Protective Order: (a) nothing herein shall prevent disclosure if the party designating the information as "CONFIDENTIAL" expressly consents to such disclosure, either in writing or in the record of any proceeding in this case, or if the Court enters an order requiring or permitting the disclosure after notice to both parties; (b) any party may use or disclose its own Confidential Information without limitation, and may use or disclose information without limitation that was previously in its possession prior to receipt pursuant to the Protective Order, or subsequently acquired from a source that is not subject to the Protective Order.

13. Notwithstanding any other provision of this Order, the production of documents by any party will not operate as a waiver of any common law or statutory privilege, protection, or immunity applicable to those documents, including, but not limited to any attorney-client privilege, work product protection, joint or common interest doctrine, information that is subject to protection as trial preparation material, or that is protected from discovery by any other applicable privilege, protection, immunity, law, or rules (collectively "Privileges"). If a Party discloses, produces, or makes available for inspection and copying information subject to any Privilege ("Disclosed Privileged Information"), such disclosure shall not constitute or be deemed a waiver or forfeiture of any claim of such Privilege applicable to such Disclosed Privileged Information or any related subject matter, in this litigation or in any other court, administrative action, investigation, or legal proceeding.

The production of privileged or work-product protected documents, electronically stored information ("ESI") or information, whether inadvertently or otherwise, is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. The Stipulated Protective Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).

Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

14.     Any Party who realizes that it, he, or she has produced or received Disclosed Privileged Information, as soon as practicable, shall (i) notify, in writing, all other Parties and/or other persons producing or receiving such information that disclosure was made, (ii) identify the document(s) disclosed, (iii) make reasonable efforts to retrieve all copies of and prevent further disclosure of the Disclosed Privileged Information, and (iv) refrain from using or further disclosing the Disclosed Privileged Information (including, but not limited to, using the information in depositions or a trial). Any person or entity receiving notice that Disclosed Privileged Information has been produced shall, within five (5) business days, return, destroy, sequester or delete all copies of the Disclosed Privileged Information, as well as any abstracts, charts, memoranda, notes, summaries, compilations, or indices of same, and provide a representation of counsel that all such information has been returned, destroyed, sequestered or deleted. To the extent the claim of Privilege is disputed, the Parties shall meet and confer to resolve any such dispute, and in the event such dispute cannot be resolved, the Party receiving such information may promptly present the information to the Court, under seal, pursuant to the

Local Rules of this Court, and, seek further relief from the Court regarding the claim pursuant to Magistrate Judge Mix's discovery procedures. The Party claiming the Privilege shall preserve the Disclosed Privileged Information until the claim of Privilege is resolved either by agreement of the Parties or by the Court.

15. Within forty-two (42) days of the conclusion of this action, including any and all appeals, all Confidential Documents, and all copies thereof (hard copy or electronic), shall be either: (1) returned to the other party's counsel; or (2) destroyed, at the option of the receiving party, except that any documents or copies which contain or constitute, or which reflect, attorney work product or attorney-client privileged communications may be retained by counsel. Counsel is also entitled to retain court papers, deposition transcripts, and trial transcripts that may contain information related to Confidential Documents, provided they do not disclose the information related to the Confidential Documents or use it for any purpose unrelated to this action except as permitted by court order or agreement with the producing party. If requested, a party's counsel shall provide the other party's counsel with an affidavit stating that such Confidential Documents have been returned or destroyed.

16. Any confidential designation made in any manner provided herein shall constitute a representation by counsel to the Court that the designation is made in good faith and in the belief that the material so designated constitutes confidential material.

17. In the event a party receives a request to disclose or produce all or any part of the Confidential Documents pursuant to a subpoena or Order issued by a Court or governmental body, the parties hereby agree to immediately notify the other producing parties' counsel of the request or order.

18. Nothing in this Protective Order limits any of the parties from applying to the Court for modification of, or relief from, this Protective Order, or for such further or additional protective orders as the Court may deem appropriate. The procedures established by this Protective Order are intended to be cumulative and in addition to any party's right to seek further or different protection from the Court regarding issues addressed herein.

19. This Order shall be binding upon the parties, their attorneys, employees, agents, independent contractors, and other persons or organizations over which they have control.

20. Nothing herein shall impose any restrictions on the use or disclosure by any party or any witness of documents or information obtained lawfully by any party or any witness independently of the discovery proceedings in this action, whether or not such documents or information are also obtained from Plaintiffs or Defendants, as the case might be, in this action. Nothing in this Order shall prevent a party or non-party from using or disclosing its own documents or information for any purpose, regardless of whether they are designated as Confidential Documents under this Order. Nothing in this Order shall prevent a party from disclosing information to any person who authored, or who otherwise lawfully received or possessed such information, including, without limitation, for purposes of obtaining additional discovery from that person.

21. After termination of this litigation, the provisions of this Order shall continue to be binding unless otherwise ordered by the Court. This Court retains and shall have jurisdiction over the parties and recipients of Confidential Documents for enforcement of the provisions of this Order .

DATED this 22nd day of June, 2015.

BY THE COURT:

_____
Kristen L. Mix,
United States Magistrate Judge

APPROVED:

*s/ Lawrence M. Zavadil*
Lawrence M. Zavadil
Wheeler Trigg O'Donnell LLP
370 17th Street, Suite 4500
Denver, CO 80202
Telephone: 303.244.1800
Email: zavadil@wtotrial.com

*Attorney for Defendants Aims Medical Sales College, Inc., Jim Rogers and Kim Smalley*

*s/*
Keith Grumer
Grumer & Macaluso, P.A.
One East Broward Blvd, Ste 1501
Fort Lauderdale, FL 33301
Telephone: 954.713.2700
Email: kgrumer@grumerlaw.com

*Attorney for Third Party Defendants NAMSR and Brian S. Kennedy*

APPROVED:

*s/ Sean P. Paris*
Sean P. Paris
390 Union Blvd, Ste 250
Lakewood, CO 80228
Telephone: 303.996.8610
Email: sparis@rockymountain-law.com

*Attorney for Plaintiff NAPSR*

10